UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
:
INTL FCSTONE MARKETS, LLC,                :   **ORDER DENYING MOTION**
                                          :   **TO DISMISS**
                         Plaintiff,       :
                                          :   18 Civ. 1004 (AKH)
        -against-                         :
                                          :
INTERCAMBIO MEXICANO de COMERCIO          :
S.A. de C.V.,                             :
                                          :
                         Defendant.       :
                                          :
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

   Plaintiff INTL FCStone Markets, LLC ("FCStone" or "Plaintiff") brought this action for breach of contract and account stated, alleging Defendant Intercambio Mexicano de Comercio S.A. de C.V. ("IMCO") failed to pay for trading services performed under the parties' contract. Defendant moves to dismiss for failure to state a claim. For the reasons that follow, Defendant's motion is denied.

## BACKGROUND

   FCStone is a financial services firm that specializes in commodity trading in base and precious metals, energy, textiles, and grain. According to the First Amended Complaint[1], whose allegations I accept as true for purposes of this motion, FCStone entered into a Terms of Business Agreement (the "Agreement")[2], dated October 24, 2017, with IMCO. Under the

---

[1] The Honorable Deborah A. Batts dismissed the initial complaint without prejudice for failure to allege citizenship for diversity purposes. The case was transferred to me following completion of briefing on the present motion to dismiss.

[2] The Agreement is attached as Exhibit A to the First Amended Complaint. ECF No. 27-1.

1

Agreement, FCStone agreed to perform trading services related to swaps and over-the-counter derivatives on IMCO's behalf, and IMCO agreed to certain payment obligations.

In addition to daily account statements, FCStone sent IMCO a transaction confirmation every time it executed a trade. If IMCO failed to dispute a transaction confirmation within two business days of receipt, IMCO would be deemed to have accepted the terms of that transaction confirmation "absent manifest error." Agreement § 1.5. The Agreement permitted FCStone to trade on margin and make margin calls. FCStone was required to meet margin calls by 12:00 p.m. on the business day after the margin call.

On December 12, 2017, FCStone sent IMCO a Notice of Failure to Pay (the "First Notice"). The First Notice declared an Event of Default due to IMCO's failure to pay $346,275.50 due under Agreement § 2.4, the provision related to variation margin. It further advised IMCO that failure to pay immediately would result in an Early Termination Date, *see* Agreement § 5.1(b), for all outstanding transactions and liquidation of IMCO's account. IMCO did not pay or object.

As a result, FCStone liquidated IMCO's trading account. On December 29, 2017, FCStone sent IMCO a Second Notice of Net Settlement Amount (the "Second Notice") advising IMCO of the liquidation and disclosing a calculation of the final payment due. According to the Second Notice, IMCO owed $494,500.50 as a Net Settlement Amount pursuant to Agreement § 5.3. IMCO did not pay the amount demanded under the Second Notice. IMCO advised FCStone that it disagreed with FCStone's actions in liquidating the account, but it did not contest the calculation of the Net Settlement Amount.

FCStone now brings claims for breach of contract and account stated, seeking the $494,500.50 Net Settlement Amount, interest, expenses, and legal fees. IMCO moves to

dismiss, arguing the First Amended Complaint contains insufficient factual detail to state a claim on which relief can be granted.

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555)).

### I. Breach of Contract

The Agreement indicates that New York law governs. Agreement § 8.6. Under New York law, the elements of a breach of contract claim are "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996). Plaintiff alleges sufficient facts to plead every element. The First Amended Complaint includes the relevant terms of the Agreement, explains the manner in which Plaintiff performed under the Agreement, alleges Defendant breached by failing to meet margin calls, and sets forth damages in the form of the unpaid Net Settlement Amount and more. That is all that is required. *See Accurate Grading Quality Assurance, Inc. v. Khothari*, No. 12CV9130, 2014 WL 5073576, at *10 (S.D.N.Y. Sept. 30, 2014) (holding plaintiffs sufficiently stated claim for breach of contract where they alleged that "Defendants were required to pay for the certification cards, that they did not pay all of the associated fees and thus, that they breached the agreement between the parties, causing Plaintiffs to suffer damages").

3

Unlike in the cases cited by Defendant, Plaintiff here did not merely "stat[e] in a conclusory manner that an agreement was breached." *O'Neill v. Standard Homeopathic Co.*, 346 F. Supp. 3d 511, 533 (S.D.N.Y. 2018). In *O'Neill*, for example, the plaintiff did not plead the existence of a contract or allege the terms the defendant breached. *Id.* at 533-34. In *Hajny v. Best Roofing of New Jersey Inc.*, another case cited by Defendant, the complaint "provide[d] no facts concerning the alleged agreements or defendants' breaches of them"; did not "allege when the agreements were entered into or became effective, when they expired, or specify whether they were oral or in writing"; and did not state "the term of the agreements upon which plaintiffs' claim [was] based." No. 11 Civ. 00173, 2011 WL 2493737, at *5-6 (S.D.N.Y. June 22, 2011). FCStone's complaint is not similarly deficient. Defendant suggests that Plaintiff should have included additional facts, such as the securities involved or the circumstances giving rise to each margin call, but those details are not essential to pleading the elements of the claim.

**II. Account Stated**

Similarly, Plaintiff pleads every element of a claim for account stated. To state a claim for account stated, a plaintiff must allege that "(1) an account was presented; (2) it was accepted as correct; and (3) debtor promised to pay the amount stated." *IMG Fragrance Brands, LLC v. Houbigant, Inc.*, 679 F. Supp. 2d 395, 411 (S.D.N.Y. 2009). "The second and third requirements (acceptance of the account as correct and a promise to pay the amount stated) may be implied if 'a party receiving a statement of account keeps it without objecting to it within a reasonable time or if the debtor makes partial payment.'" *Id.* (quoting *LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham*, 185 F.3d 61, 64 (2d Cir. 1999)). Plaintiff alleges that it presented Defendant with the account in the form of the Second Notice and that Defendant failed to object to the Net Settlement Amount calculated.

Plaintiff acknowledges in the First Amended Complaint that Defendant objected to the liquidation of its trading account. Defendant argues that this objection defeats the claim for account stated. It is true that an objection need not specifically contest a numerical calculation to rebut a claim for account stated. *See Kasper Global Collection & Brokers, Inc. v. Global Cabinets & Furniture Mfrs. Inc.*, 952 F. Supp. 2d 542, 571 (S.D.N.Y. 2013) ("[S]ummary judgment on an account stated claim is inappropriate where the evidence shows that there was a dispute about the account or the quality of the work performed."); *M&A Constr. Corp. v. McTague*, 21 A.D.3d 610, 612 (3d Dep't 2005) (holding trial court properly entered judgment for defendants on account stated claim where "defendants disputed aspects of the accounts and informed plaintiff that payment was being withheld because certain work had not been completed"). Still, without discovery into the nature of Defendant's objection in relation to the account presented, I cannot determine whether it was sufficiently specific to defeat Plaintiff's claim. In *Kaye, Scholer, Fierman, Hays & Handler v. Ameritas Financial Services*, the defendant, in similar fashion to IMCO, did not "object to the accuracy of the statement of account or the adequacy of the services" but instead "raise[d] the issue of the necessity of the services billed." No. 93 Civ. 0222, 1993 WL 258680, at *3 (S.D.N.Y. July 2, 1993). Those objections were sufficient to raise a genuine issue of material fact for trial. *Id.* at *4. But this case is not at the trial stage or even the summary judgment stage. It is not the role of the Court to adjudicate issues of fact on a 12(b)(6) motion. Therefore, Plaintiff's account stated claim will not be dismissed.

## CONCLUSION

Defendant's motion to dismiss for failure to state a claim is denied. The oral argument previously scheduled for May 13, 2020 is canceled. The Clerk is directed to close the

open motion (ECF No. 30). The parties shall appear for an initial pretrial conference on May 15, 2020 at 10:00 a.m.

SO ORDERED.

Dated: New York, New York　　　　　　　　　　/s/ Alvin K. Hellerstein
　　　　March 31, 2020　　　　　　　　　　　　ALVIN K. HELLERSTEIN
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge