UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

INTL FCSTONE MARKETS LLC,

               Plaintiff,

      v.

INTERCAMBIO MEXICANO
de COMERCIO S.A. de C.V.,

               Defendant.
_____

Case No.18-CV-1004-AKH

JURY TRIAL DEMANDED

### DEFENDANT'S ANSWER TO THE AMENDED COMPLAINT AND COUNTERCLAIMS

     Defendant INTERCAMBIO MEXICANO de COMERCIO S.A. de C.V., by its attorneys, answering the amended complaint, and counterclaiming against plaintiff:

     1.  Denies the allegations of the second sentence of paragraph 12 of the amended complaint and the allegations of paragraphs 18, 23-24 and 26-33 of the amended complaint.

     2.  Denies sufficient knowledge or information to form a belief concerning the allegations of paragraphs 1-3 and 8 of the amended complaint and the allegations in the last phrase of paragraph 11 of the amended complaint concerning premiums and commissions.

     3.  Admits signing the Agreement attached to the amended complaint as Exhibit A (ECF 27-1) but denies the allegations of paragraphs 10 and 25 of the amended complaint, to the extent that the Agreement conflicts with, or does not fully reflect, the requirements of law.  Defendant admits the allegations of paragraphs 10 and 25 of the amended complaint only to the extent that the Agreement does not conflict with applicable law and only insofar as the Agreement contains some, but not all, of the terms governing the services and obligations between the parties.  The requirements of law – including without limitation the substantive law of contract and securities

and the Rules of the Commodity Futures Trading Commission, 17 CFR §§ 23.001 et seq. – also govern the services and obligations between the parties and may supplement or supersede the provisions of the Agreement.

4. Defendant denies the allegations of paragraph 13 of the amended complaint, except that defendant admits, as alleged in paragraph 13, that defendant was entitled to trade on margin and that paragraphs 2.3 & 2.4 of the document attached to the amended complaint as exhibit A (ECF 27-1) set the deadlines for defendant to meet margin calls but only subject to and limited by the requirements of law and further subject to plaintiff's initial compliance with these same paragraphs which included the express requirement in paragraph 2.4 that plaintiff first gave to defendant both written notice of a margin call and the contractually allotted time to pay it – assuming the margin call was otherwise valid.

5. Defendant admits receiving the document attached to the amended complaint as Exhibit B (ECF 27-2) but denies its validity and otherwise denies the allegations of paragraphs 15 -16 of the amended complaint.  The purported quotations from Exhibit B (ECF 27-2) in paragraphs 15-16 of the amended complaint do not accurately recite its legal effect, its (in)validity, or its non-binding nature, as more fully described below.

6. Defendant admits it did not pay the sum alleged in paragraph 17 of the amended complaint but denies the validity or binding nature of the document attached to the amended complaint as Exhibit B (ECF 27-2) which purported to call for such payment, and denies any obligation to make the payment described in paragraph 17 of the amended complaint, as more fully set forth below.

7. Defendant admits receiving the document attached to the amended complaint as Exhibit C (ECF 27-3) but denies its validity and otherwise denies the allegations of paragraphs

19-20 of the amended complaint.  The purported quotations from Exhibit C (ECF 27-3) in paragraphs 19-20 of the amended complaint do not accurately recite its legal effect, its (in)validity, or its non-binding nature, as more fully described below.

8.  Defendant admits it did not pay the sum alleged in paragraph 21 of the amended complaint but denies the validity or binding nature of the document attached to the amended complaint as Exhibit C (ECF 27-3) which purported to call for such payment, and denies any obligation to make the payment described in paragraph 21 of the amended complaint, as more fully set forth below.

9.  Defendant admits it communicated to plaintiff its (defendant's) disagreement with and objection to the liquidation of defendant's account, as alleged in paragraph 22 of the amended complaint, but otherwise denies the allegations of paragraph 22 of the amended complaint.

## AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

10.  This Court has jurisdiction over the subject matter of defendant's counterclaims by reason of this Court's ancillary jurisdiction over compulsory counterclaims which arise out of the same transaction(s) and/or occurrence(s) as those alleged in the amended complaint (Fed.R.Civ.P. 13(a)) and also by reason of this Court's diversity jurisdiction as alleged in paragraph 5 of the amended complaint.

## PRELIMINARY STATEMENT – NO ASSUMPTION OF BURDENS OF PRODUCTION OR PERSUASION WHERE THE SUBSTANTIVE LAW PLACES THESE BURDENS ON PLAINTIFF

11.  Defendant's interposition of the following affirmative defenses is not an assumption by defendant of the burden(s) of production and/or persuasion on the following matters where the applicable substantive law places these burden(s) on plaintiff as part of plaintiff's prima facie case or otherwise.  Defendant interposes the following as affirmative defenses as a protective

measure and without prejudice to defendant's contention that it incurs no liability to plaintiff and

that plaintiff is in violation of the parties' agreement and applicable law, without prejudice to the

burdens of production and persuasion incurred by plaintiff where the applicable substantive law

so provides.  With this reservation, and without prejudice to defendant's rights and contention as

stated above, defendant interposes the following:

## FIRST AFFIRMATIVE DEFENSE AND COUNTERCLAIM

12.  Notwithstanding the purported provision in the parties' contract which purported to

allow plaintiff to demand variation (additional) margin at plaintiff's "sole discretion," the

applicable law – either New York substantive law, or another State's applicable law, and/or the

rules of the Commodity Futures Trading Commission (17 CFR §§ 23.001 et seq. including

§§ 23.150 -23.161) – required plaintiff to act reasonably and in good faith and to provide to

defendant reasonable notice of the standards, procedures, methodology and/or factors governing

plaintiff's purported right to demand initial and variation (additional) margin, so that defendant

could fairly anticipate when additional margin might be due and adjust accordingly its trades in

commodity futures.

13.  Plaintiff failed to comply with this requirement.

14.  By reason of plaintiff's failure to comply with this requirement, plaintiff's purported

Notice of Default/Failure to Pay attached to the amended complaint as Exhibit B (ECF 27-2) was

invalid and resulted in the invalid liquidation of defendant's account by plaintiff, attached to the

amended complaint as Exhibit C  (ECF 27-3).

15.  Since plaintiff's claim is based upon its invalid Notice of Default/Failure to Pay

attached to the amended complaint as Exhibit B (ECF 27-2), and upon its invalid liquidation of

defendant's account attached to the amended complaint as Exhibit C (ECF 27-3), plaintiff is

entitled to recover nothing from defendant but rather is required to compensate defendant for

defendant's damages by (1) refunding to defendant the $359,000 which defendant deposited into

the account and which plaintiff received improperly, plus interest, and by (2) paying to defendant

the profits defendant reasonably would have realized in its account, in excess of $1,625,000, had

plaintiff not improperly liquidated defendant's account, plus interest.

### SECOND AFFIRMATIVE DEFENSE AND COUNTERCLAIM

16.  Notwithstanding the purported provision in the parties' contract which purported to

allow plaintiff to demand variation (additional) margin at plaintiff's "sole discretion," the

applicable law – either New York substantive law, or another State's applicable law, and/or the

rules of the Commodity Futures Trading Commission (17 CFR §§ 23.001 et seq. including

§§ 23.150 – 23.161) – required plaintiff to give to defendant reasonable notice in advance of any

margin call, among the many plaintiff sent to defendant, that would actually trigger the

liquidation of defendant's account.

17.  Plaintiff repeatedly sent to plaintiff margin-call notices which plaintiff itself

repeatedly disregarded, not requiring defendant to furnish the additional margin for which

plaintiff purported to call, assuring defendant that continued trading on defendant's account was

acceptable.

18.  Upon information and belief, plaintiff did this in order to continue reaping the

commissions and other compensation plaintiff earned on defendant's account.

19.  Plaintiff itself thus established a standard of conduct concerning defendant's account

which allowed – indeed encouraged – defendant to disregard plaintiff's margin calls and which

assured defendant that it could proceed on its account without furnishing additional margin.

20.  Without prior notice, plaintiff departed from this standard of conduct, which plaintiff itself had established.  Without prior notice, plaintiff arbitrarily and/or unreasonably sent to defendant a Notice of Default/Failure to Pay, which plaintiff required defendant to honor "immediately" lest the account be liquidated (ECF 27 exh.B; ECF 27-2), without any advance notice to defendant, let alone reasonable notice, of such Notice of Default/Failure to Pay or of which margin call needed to be honored among the many that plaintiff sent to defendant.

21.  Plaintiff failed to comply with the requirement of reasonable notice and/or with the standard of conduct plaintiff itself had established on defendant's account.

22.  By reason of these violations by plaintiff, plaintiff's purported Notice of Default/Failure to Pay attached to the amended complaint as Exhibit B (ECF 27-2) was invalid and resulted in the invalid liquidation of defendant's account by plaintiff, attached to the amended complaint as Exhibit C  (ECF 27-3).

23.  Since plaintiff's claim is based upon its invalid Notice of Default/Failure to Pay attached to the amended complaint as Exhibit B (ECF 27-2), and upon its invalid liquidation of defendant's account attached to the amended complaint as Exhibit C (ECF 27-3), plaintiff is entitled to recover nothing from defendant but rather is required to compensate defendant for defendant's damages by (1) refunding to defendant the $359,000 which defendant deposited into the account and which plaintiff received improperly, plus interest, and by (2) paying to defendant the profits defendant reasonably would have realized in its account, in excess of $1,625,000, had plaintiff not improperly liquidated defendant's account, plus interest.

## THIRD AFFIRMATIVE DEFENSE AND COUNTERCLAIM

24.  Notwithstanding the purported provision in the parties' contract which purported to allow plaintiff to demand variation (additional) margin at plaintiff's "sole discretion," the

applicable law – either New York substantive law, or another State's applicable law, and/or the

rules of the Commodity Futures Trading Commission (17 CFR §§ 23.001 et seq. including

§§ 23.150 – 23.161) – required plaintiff to act reasonably and in good faith in issuing margin

calls to defendant and in liquidating defendant's account.

25.  Plaintiff failed to comply with this requirement.

26.  Plaintiff's purported Notice of Default/Failure to Pay attached to the amended

complaint as Exhibit B (ECF 27-2) was invalid and resulted in the invalid liquidation of

defendant's account by plaintiff, attached to the amended complaint as Exhibit C  (ECF 27-3).

27.  Since plaintiff's claim is based upon its invalid Notice of Default/Failure to Pay

attached to the amended complaint as Exhibit B (ECF 27-2), and upon its invalid liquidation of

defendant's account attached to the amended complaint as Exhibit C (ECF 27-3), plaintiff is

entitled to recover nothing from defendant but rather is required to compensate defendant for

defendant's damages by (1) refunding to defendant the $359,000 which defendant deposited into

the account and which plaintiff received improperly, plus interest, and by (2) paying to defendant

the profits defendant reasonably would have realized in its account, in excess of $1,625,000, had

plaintiff not improperly liquidated defendant's account, plus interest.

**FOURTH AFFIRMATIVE DEFENSE AND COUNTERCLAIM**

28.  Plaintiff solicited defendant's account by reaching out to defendant through

WhatsApp and by requesting, via WhatsApp, that defendant open an account and begin trading

in commodity futures.

29.  In plaintiff's WhatsApp communication, plaintiff further solicited defendant's

account, and encouraged defendant to begin trading, by informing defendant that defendant

could short positions – all without providing to defendant the required disclosures mandated by

-7-

law – by New York substantive law, or another State's applicable law, and/or the rules of the

Commodity Futures Trading Commission (17 CFR §§ 23.001 et seq. including §§ 23.150 –

23.161).

     30.   Plaintiff failed to comply with this disclosure requirement.

     31.   By reason of plaintiff's failure to comply with this requirement, plaintiff's purported

Notice of Default/Failure to Pay attached to the amended complaint as Exhibit B (ECF 27-2) was

invalid and resulted in the invalid liquidation of defendant's account by plaintiff, attached to the

amended complaint as Exhibit C  (ECF 27-3).

     32.   Since plaintiff's claim is based upon its invalid Notice of Default/Failure to Pay

attached to the amended complaint as Exhibit B (ECF 27-2), and upon its invalid liquidation of

defendant's account attached to the amended complaint as Exhibit C (ECF 27-3), plaintiff is

entitled to recover nothing from defendant but rather is required to compensate defendant for

defendant's damages by (1) refunding to defendant the $359,000 which defendant deposited into

the account and which plaintiff received improperly, plus interest, and by (2) paying to defendant

the profits defendant reasonably would have realized in its account, in excess of $1,625,000, had

plaintiff not improperly liquidated defendant's account, plus interest.

<strong><u>FIFTH AFFIRMATIVE DEFENSE AND COUNTERCLAIM</u></strong>

     33.   Paragraph 5.1(b) of the Agreement signed by the parties, attached to the amended

complaint as Exhibit A (ECF 27-1), required that in any Notice of Default/Failure to Pay sent by

plaintiff to defendant, plaintiff must "designate in such written notice an Early Termination

Date" on which defendant's account will be liquidated if defendant fails to pay the amount

specified in the Notice of Default/Failure to Pay.

34.  The Notice of Default/Failure to Pay sent by plaintiff to defendant failed to comply. It failed to designate an Early Termination Date on which defendant's account would be liquidated upon non-payment and thus deprived defendant of its contractual right to notice of a specific Early Termination Date in the Notice of Default/Failure to Pay (ECF 27 exh.B; ECF 27-2).  Plaintiff's purported Notice of Default/Failure to pay breached and contravened the above-mentioned contractual requirement that the Notice of Default/Failure to Pay must designate an Early Termination Date.

35.  Thereafter plaintiff sent to defendant a "notice" that defendant's account already had been liquidated (ECF 27 exh.C; ECF 27-3) without ever giving to defendant its contractual right to advance notice of a specific liquidation date in the Notice of Default/Failure to Pay (ECF 27 exh.B; ECF 27-2).

36.  By reason of plaintiff's breach of its Agreement with defendant, plaintiff's purported Notice of Default/Failure to Pay attached to the amended complaint as Exhibit B (ECF 27-2) was invalid and resulted in the invalid liquidation of defendant's account by plaintiff, attached to the amended complaint as Exhibit C  (ECF 27-3).

37.  Since plaintiff's claim is based upon its invalid Notice of Default/Failure to Pay attached to the amended complaint as Exhibit B (ECF 27-2), and upon its invalid liquidation of defendant's account attached to the amended complaint as Exhibit C (ECF 27-3), plaintiff is entitled to recover nothing from defendant but rather is required to compensate defendant for defendant's damages by (1) refunding to defendant the $359,000 which defendant deposited into the account and which plaintiff received improperly, plus interest, and by (2) paying to defendant the profits defendant reasonably would have realized in its account, in excess of $1,625,000, had plaintiff not improperly liquidated defendant's account, plus interest.

## SIXTH AFFIRMATIVE DEFENSE AND COUNTERCLAIM

38.  Paragraph 5.3 of the Agreement signed by the parties, attached to the amended complaint as Exhibit A (ECF 27-1), required that upon the designation of an Early Termination Date for liquidation of defendant's account (which was required to have been designated in the above mentioned Notice of Default/Failure to Pay), plaintiff must – prior to liquidation of defendant's account – give to defendant a specific written "one business day" notice to pay the amount specified to avoid liquidation of defendant's account.

39.  Plaintiff failed to comply.  Neither the Notice of Default/Failure to Pay sent by plaintiff to defendant (ECF 27 exh.B; ECF 27-2) nor the Notice of Termination sent by plaintiff to defendant (ECF 27 exh.C; ECF 27-3) gave to defendant the contractually required written "one business day" notice to pay the amount demanded in order to avoid liquidation of defendant's account.  Rather, the Notice of Default/Failure to Pay purported to require defendant to pay the designated sum "immediately" (ECF 27 exh.B; ECF 27-2), and the Notice of Termination informed defendant that its account already had been liquidated (ECF 27 exh.C; ECF 27-3).

40.  Plaintiff breached the above-mentioned contractual requirement that it must give to defendant a specific written "one day notice" to pay the amount demanded in order to avoid liquidation of defendant's account.

41.  By reason of plaintiff's breach of its Agreement with defendant, plaintiff's purported Notice of Default/Failure to Pay attached to the amended complaint as Exhibit B (ECF 27-2) was invalid and resulted in the invalid liquidation of defendant's account by plaintiff, attached to the amended complaint as Exhibit C  (ECF 27-3).

42.  Since plaintiff's claim is based upon its invalid Notice of Default/Failure to Pay attached to the amended complaint as Exhibit B (ECF 27-2), and upon its invalid liquidation of defendant's account attached to the amended complaint as Exhibit C (ECF 27-3), plaintiff is entitled to recover nothing from defendant but rather is required to compensate defendant for defendant's damages by (1) refunding to defendant the $359,000 which defendant deposited into the account and which plaintiff received improperly, plus interest, and by (2) paying to defendant the profits defendant reasonably would have realized in its account, in excess of $1,625,000, had plaintiff not improperly liquidated defendant's account, plus interest.

## SEVENTH AFFIRMATIVE DEFENSE AND COUNTERCLAIM

43.  Paragraphs 2.3, 2.4, 5.1, 5.1(b) and/or 5.3 of the Agreement signed by the parties, attached to the amended complaint as Exhibit A (ECF 27-1), required that the amount demanded by plaintiff in a Notice of Default/Failure to Pay conform to the amount demanded by plaintiff in a margin call.

44.  Upon information and belief, the amount demanded by plaintiff in its Notice of Default/Failure to Pay, attached to the amended complaint as Exhibit B (ECF 27-2), did not conform to the amount demanded by plaintiff in any margin call.  Defendant cannot locate any margin call in an amount which conforms to the amount demanded by plaintiff in its Notice of Default/Failure to Pay, attached to the amended complaint as Exhibit B (ECF 27-2).

45.  Plaintiff breached the above-mentioned contractual requirement that the amount demanded in its Notice of Default/Failure to Pay must conform to the amount demanded in a margin call.

46.  By reason of plaintiff's breach of its Agreement with defendant, plaintiff's purported Notice of Default/Failure to Pay attached to the amended complaint as Exhibit B (ECF 27-2) was

invalid and resulted in the invalid liquidation of defendant's account by plaintiff, attached to the amended complaint as Exhibit C  (ECF 27-3).

47.  Since plaintiff's claim is based upon its invalid Notice of Default/Failure to Pay attached to the amended complaint as Exhibit B (ECF 27-2), and upon its invalid liquidation of defendant's account attached to the amended complaint as Exhibit C (ECF 27-3), plaintiff is entitled to recover nothing from defendant but rather is required to compensate defendant for defendant's damages by (1) refunding to defendant the $359,000 which defendant deposited into the account and which plaintiff received improperly, plus interest, and by (2) paying to defendant the profits defendant reasonably would have realized in its account, in excess of $1,625,000, had plaintiff not improperly liquidated defendant's account, plus interest.

## EIGHTH AFFIRMATIVE DEFENSE AND COUNTERCLAIM

48.  Paragraph 8.4 of the Agreement signed by the parties, attached to the amended complaint as Exhibit A (ECF 27-1), as well as applicable law concerning plaintiff's status as a fiduciary of defendant, required plaintiff to keep "confidential" all matters pertaining to defendant's account.

49.  Plaintiff breached this contractual and fiduciary requirement and disclosed to third-parties, whom plaintiff knew had business dealings with defendant, confidential matters concerning the status of and dealings on defendant's account with plaintiff.  These confidential matters included without limitation plaintiff's (untrue) statements to these third-parties that defendant was in default in its obligations to plaintiff, that defendant did not honor its debts or obligations to plaintiff, and that defendant could not be relied upon to meet its contractual requirements.  Plaintiff made these and similar statements concerning defendant's account to the following entities whom plaintiff knew had business dealings with defendant:  Biocafcao, S.A.,

Av Independencia, Plaza Luperon 2Do Nivel, Local 69, El Pedregal, Santo Domingo,  Republica

Dominicana 11107, and Ecuador Kakao Processing Proecuakao S.A., Km 14.5 Via a Daule,

Guayaquil, Ecuador.

50.  Plaintiff knew or reasonably should have known that these and similar statements

would damage defendant in its business.  Plaintiff knew or reasonably should have known that

there was no legitimate purpose in making these and similar statements to the third-parties.

51.  Although these and similar statements by plaintiff were untrue (as set forth above in

this Answer and Counterclaims), plaintiff was prohibited from making these statements

regardless of their truth or untruth and regardless of plaintiff's subjective beliefs concerning

them.  These communications by plaintiff were not only in violation of the strict confidentiality

requirement of paragraph 8.4 of the Agreement signed by the parties, attached to the amended

complaint as Exhibit A (ECF 27-1), but also in breach of plaintiff's fiduciary duty to defendant

to keep such matters confidential.

52.  By reason of plaintiff's breach of its Agreement with defendant, plaintiff's purported

Notice of Default/Failure to Pay attached to the amended complaint as Exhibit B (ECF 27-2) was

invalid and resulted in the invalid liquidation of defendant's account by plaintiff, attached to the

amended complaint as Exhibit C  (ECF 27-3).

53.  Since plaintiff's claim is based upon its invalid Notice of Default/Failure to Pay

attached to the amended complaint as Exhibit B (ECF 27-2), and upon its invalid liquidation of

defendant's account attached to the amended complaint as Exhibit C (ECF 27-3), plaintiff is

entitled to recover nothing from defendant but rather is required to compensate defendant for

defendant's damages by (1) refunding to defendant the $359,000 which defendant deposited into

the account and which plaintiff received improperly, plus interest, and by (2) paying to defendant

the profits defendant reasonably would have realized in its account, in excess of $1,625,000, had plaintiff not improperly liquidated defendant's account, plus interest,

54.  In addition to the above, defendant should recover of plaintiff the damages proximately caused by plaintiff's violations of the confidentiality requirements of paragraph 8.4 of the parties' Agreement, attached to the amended complaint as Exhibit A (ECF 27-1), and by plaintiff's breaches of its fiduciary obligations to defendant concerning confidentiality, which defendant reasonably estimates to be in excess of $1,000.000.

## NINTH AFFIRMATIVE DEFENSE AND COUNTERCLAIM

55.  Defendant incorporates the allegations of paragraphs 1-54 of this Answer to the Amended Complaint and Counterclaims.

56.  In light of the above-mentioned breaches and violations by plaintiff, plaintiff failed to adequately supervise its office and staff and thus violated Rule 23.602 of the Rules of the Commodity Futures Trading Commission, 17 CFR § 23.602.

57.  By reason of plaintiff's breaches and violations, plaintiff's purported Notice of Default/Failure to Pay attached to the amended complaint as Exhibit B (ECF 27-2) was invalid and resulted in the invalid liquidation of defendant's account by plaintiff, attached to the amended complaint as Exhibit C  (ECF 27-3).

58.  Since plaintiff's claim is based upon its invalid Notice of Default/Failure to Pay attached to the amended complaint as Exhibit B (ECF 27-2), and upon its invalid liquidation of defendant's account attached to the amended complaint as Exhibit C (ECF 27-3), plaintiff is entitled to recover nothing from defendant but rather is required to compensate defendant for defendant's damages by (1) refunding to defendant the $359,000 which defendant deposited into the account and which plaintiff received improperly, plus interest, and by (2) paying to defendant

the profits defendant reasonably would have realized in its account, in excess of $1,625,000, had plaintiff not improperly liquidated defendant's account, plus interest.

## TENTH AFFIRMATIVE DEFENSE

59.  Defendant incorporates the allegations of paragraphs 1-58 of this Answer to the Amended Complaint and Counterclaims.

60.  Plaintiff is estopped from bringing this action and from recovering any sums from defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

61.  Defendant incorporates the allegations of paragraphs 1-58 of this Answer to the Amended Complaint and Counterclaims.

62.  Plaintiff has failed to satisfy the conditions precedent to the commencement of this action.

## TWELFTH AFFIRMATIVE DEFENSE

63.  Plaintiff has failed to state a claim upon which relief may be granted.


WHEREFORE defendant INTERCAMBIO MEXICANO de COMERCIO S.A. de C.V. demands judgment against plaintiff INTL FCSTONE MARKETS LLC dismissing this action on the merits and awarding to defendant (1) on the First through Ninth Counterclaims the $359,000 which defendant deposited into the account and which plaintiff received improperly, plus interest, and (2) on the First through Ninth Counterclaims the profits defendant reasonably would have realized in its account, in excess of $1,625,000, had plaintiff not improperly liquidated defendant's account, plus interest, and (3) on the Eighth Counterclaim the damages proximately caused by plaintiff's violations of the confidentiality requirements of paragraph 8.4

of the parties' Agreement and by plaintiff's breaches of its fiduciary obligations to defendant

concerning confidentiality, which plaintiff reasonably estimates to be in excess of $1,000,000,

and (4) the costs and attorneys fees defendant incurs in the defense of this action and in the

prosecution of defendant's counterclaims, and (5) any additional relief which is just and

appropriate.


Dated:  May 11, 2020

                                 LAW OFFICE OF DENNIS GROSSMAN
                                 Attorney for Defendant
                                 INTERCAMBIO MEXICANO
                                 de COMERCIO S.A. de C.V.

                                     /s/Dennis Grossman
                               by:_____
                                    Dennis Grossman
                                 10 Bond Street  (#600)
                                 Great Neck, New York 11021
                                 (516) 466-6690
                                 dagrossmanlaw@aol.com

                               Of Counsel to:
                               FISCHER & BURSTEIN, P.C.
                               Attorneys for Defendant
                               INTERCAMBIO MEXICANO
                               de COMERCIO S.A. de C.V.,
                               98 Cutter Mill Road  (Suite 294N)
                               Great Neck, New York 11021
                               (516) 829-1900

## **CERTIFICATE OF ECF SERVICE**

I certify that on this May 11, 2020 I served copies of the foregoing document by ECF on the attorneys for plaintiff by filing this document with this Court which then served the attorneys for plaintiff through this Court ECF's system.

/s/Dennis Grossman

_____

Dennis Grossman
10 Bond Street  (#600)
Great Neck, New York 11021
(516) 466-6690
dagrossmanlaw@aol.com