UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
INTL FCSTONE MARKETS, LLC,  :
:
:
:                                   **ORDER DENYING IN PART
Plaintiff,    :                     AND GRANTING IN PART
:                                   MOTIONS FOR JUDGMENT
-against-                        :  ON THE PLEADINGS**
:
:  18 Civ. 1004 (AKH)
:
INTERCAMBIO MEXICANO DE COMERCIO  :
S.A. DE C.V.,                    :
:
Defendant.  :
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Plaintiff Intl FCStone Markets LLC, ("Plaintiff"), a financial services firm, brings this suit for breach of contract and account stated against its former client, Defendant Intercambio Mexicano de Comercio S.A. de C.V. ("Defendant"). *See* Compl., ECF No. 27. Plaintiff alleges that Defendant breached the terms of their trading agreement by failing to pay a margin call, while Defendant alleges that Plaintiff wrongfully liquidated its account. The Parties now cross-move for judgment on the pleadings. I held oral argument on May 6, 2021 and, upon the briefs and argument, granted in part and denied in part the cross-motions for judgment on the pleadings, stating my findings and conclusions in the record of argument. For the reasons stated in the record, I held:

1. There are uncertainties regarding the contract which preclude granting either party's Motion for Judgment on the Pleadings as to Plaintiff's claim for breach of contract. An Event of Default in Paragraph 2.4 of the Terms of Trading Agreement requires non-payment of a margin call; however, there is no showing anywhere in pleadings that Plaintiff made such a margin call;

1

2. Plaintiff's claim for account stated is hereby dismissed. The daily account statements and transaction confirmations do not constitute an account stated, and the pleadings do not contain any other statement which would provide the debit and credit as of certain time. *See IMG Fragrance Brands, LLC v. Houbigant, Inc.,* 679 F.Supp.2d 395, 411 (S.D.N.Y.2009) (explaining that a plaintiff must plead that "(1) an account was presented; (2) it was accepted as correct; and (3) debtor promised to pay the amount stated.");

3. Counterclaim Nos. 1 and 7 for breach of the implied covenant of good faith in providing notice of margin standards and issuing margin calls are hereby stricken. Paragraphs 2.3 and 2.4 of the Agreement provide that Plaintiff may act "in its sole discretion" in issuing margin calls and determining the margin due. A party "which acts in accordance with its contractual rights cannot be held liable for breaching an implied covenant of good faith." *In re Minpeco, USA, Inc.*, 237 B.R. 12, 26 (Bankr. S.D.N.Y. 1997); *see also Chrysler Credit Corp. v. Dioguardi Jeep Eagle, Inc.*, 596 N.Y.S.2d 230, 232 (1993) (a party "does not act in bad faith when it exercises its contractual right" to act at its "sole discretion");

4. Counterclaim No. 3, alleging waiver based on Plaintiff's prior pattern of conduct is hereby stricken. Paragraph 8.2 of the Agreement plainly contains a no-waiver provision which states that no past waiver shall be construed as a waiver of any other default. *See Park Irmat Drug Corp. v. Optumrx, Inc.*, 152 F. Supp. 3d 127, 137 (S.D.N.Y. 2016) (finding that no-waiver clauses are enforceable under New York law); *Structured Capital Sols., LLC v. Commerzbank AG*, 177 F. Supp. 3d 816, 825 (S.D.N.Y. 2016) (same);

5. Counterclaim No. 5, alleging that the amount demanded by plaintiff in its First Notice was not consistent with the amount demanded by plaintiff in any margin call, is stricken. This bad faith argument fails, as Plaintiff was contractually permitted to calculate initial and variation margin "in its sole discretion." *See Chrysler Credit Corp.* 596 N.Y.S.2d at 232 (no claim for bad faith when a party exercises its contractual right to act at its sole discretion);

6. Counterclaim No. 9, alleging that Plaintiff breached its contractual duties by failing to provide written notice of the early termination date pursuant to Paragraph 5.1(b) of the Agreement prior to liquidating Defendant's account, is sustained. The time and place of a breach and the remedies are material terms in a contract. *See Bear, Stearns Funding, Inc. v. Interface Grp.-Nevada, Inc.*, 361 F. Supp. 2d 283, 295 (S.D.N.Y. 2005) (explaining that a breach "must go to the root of the agreement between the parties"). However, there are underlying factual issues which need to be explored, such as contractual definitions and whether there were any negotiations or discussions between the parties. There may also be a need for expert testimony regarding the practices of margin trading;

7. Counterclaim No. 11, alleging that Plaintiff failed to provide the requisite one-day notice is stricken. The claim is repetitive of Counterclaim 9, and does not state a claim for relief;

8. Counterclaim No. 13, alleging that Plaintiff breached the confidentiality provision is stricken with leave to replead as a defamation claim. Confidential information is contractually defined as "non-public, proprietary or confidential information that is labeled as such or should reasonably be understood by the recipient to be

confidential, and includes the terms of each specific transaction, including but not limited to the price, the quantity, the identity of other sellers or intermediaries, and all other material terms thereof." Defendant's pleadings do not include sufficient factual detail regarding what was disclosed, when it was disclosed, or why the disclosures were confidential. *See Parker Waichman LLP v. Squier, Knapp & Dunn Commc'ns, Inc.*, 28 N.Y.S.3d 603 (2016) ("The complaint's boilerplate allegations that defendants disclosed confidential information, thereby causing harm, are too vague and conclusory to sustain a breach of contract cause of action.");

9. Counterclaim Nos. 2, 4, 6, 8, 10, 12, 14-16 are stricken. Defendant's allegations only provide vague allegations that "some law" violated and do not provide sufficient information to determine whether a private right of action exists for such violations. *See Solomon v. Ocwen Loan Servicing, LLC*, 2013 WL 1715878, at *6 (E.D.N.Y. Apr. 12, 2013); *c.f. Sofia v. Esposito*, 2019 WL 6529432, at *6 (S.D.N.Y. Dec. 4, 2019) ("A regulation, by itself, may not create a private right of action.");

10. Defendant's affirmative defenses 17-20 are stricken. There is no basis for the defense of estoppel, mitigation of damages, or failure to state a claim. Moreover, the condition precedent is duplicative of Defendant's counterclaim for breach of contract.

In conclusion, the cross-motions for judgment on the pleadings are denied except for Plaintiff's claim for account stated, which is dismissed. The Clerk is instructed to terminate the open motions, ECF Nos. 52, 54. Plaintiff shall file an amended complaint removing the

confidential, and includes the terms of each specific transaction, including but not limited to the price, the quantity, the identity of other sellers or intermediaries, and all other material terms thereof." Defendant's pleadings do not include sufficient factual detail regarding what was disclosed, when it was disclosed, or why the disclosures were confidential. *See Parker Waichman LLP v. Squier, Knapp & Dunn Commc'ns, Inc.*, 28 N.Y.S.3d 603 (2016) ("The complaint's boilerplate allegations that defendants disclosed confidential information, thereby causing harm, are too vague and conclusory to sustain a breach of contract cause of action.");

9. Counterclaim Nos. 2, 4, 6, 8, 10, 12, 14-16 are stricken. Defendant's allegations only provide vague allegations that "some law" violated and do not provide sufficient information to determine whether a private right of action exists for such violations. *See Solomon v. Ocwen Loan Servicing, LLC*, 2013 WL 1715878, at *6 (E.D.N.Y. Apr. 12, 2013); *c.f. Sofia v. Esposito*, 2019 WL 6529432, at *6 (S.D.N.Y. Dec. 4, 2019) ("A regulation, by itself, may not create a private right of action.");

10. Defendant's affirmative defenses 17-20 are stricken. There is no basis for the defense of estoppel, mitigation of damages, or failure to state a claim. Moreover, the condition precedent is duplicative of Defendant's counterclaim for breach of contract.

In conclusion, the cross-motions for judgment on the pleadings are denied except for Plaintiff's claim for account stated, which is dismissed. The Clerk is instructed to terminate the open motions, ECF Nos. 52, 54. Plaintiff shall file an amended complaint removing the

dismissed count and providing further factual detail showing that a demand for margin was made by May 24, 2021.  Defendant shall file an amended answer by June 7, 2021, striking the dismissed counterclaims and defenses, with leave to replead Counterclaims 9 and 13 for defamation count.  Plaintiff shall file its answer to the asserted counterclaims by June 21, 2021.  The parties are hereby ordered to appear for a case management conference on July 9, 2021.

        SO ORDERED.

Dated:     May 11, 2021                  /s/ Alvin K. Hellerstein
              New York, New York        ALVIN K. HELLERSTEIN
                                             United States District Judge